UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID CARROLL STEPHENSON, *et al.*, | |
| Plaintiffs/Petitioners, | Case No. C12-1090-RSL-JPD |
| v. | REPORT AND RECOMMENDATION |
| ERIC HOLDER, *et al.*, | |
| Defendants/Respondents. | |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiffs/Petitioners David Carroll Stephenson and Kenneth Wayne Leaming have submitted to this Court for filing an action which purports to be both a civil rights action and a federal habeas action.  The instant action arises out of a federal criminal action currently pending in the Tacoma Division of the United States District Court for the Western District of Washington.  Plaintiffs/Petitioners appear to assert in their pleadings that they are being unlawfully restrained because the United States Attorney has no authority to prosecute them. They appear to further assert that this court has no subject matter and/or in personam jurisdiction

REPORT AND RECOMMENDATION - 1

in the criminal matter because the district court is not a properly constituted Article III court. Plaintiffs/petitioners seek release from custody, dismissal of all charges, and damages.

This Court, having reviewed the pleadings, concludes that this action should be dismissed prior to service pursuant to 28 U.S.C. § 1915A as plaintiffs/petitioners have identified no viable ground for relief.

## DISCUSSION

Plaintiffs/petitioners have been indicted in this district and are currently confined at the Federal Detention Center in SeaTac, Washington where they are awaiting disposition of the charges filed against them. They have filed this separate action to challenge the validity of their current confinement. In their original pleading, which was identified as a complaint for damages and for declaratory and injunctive relief, plaintiffs/petitioners assert that they are being "concealed under fictitious names," apparently because their names appear in all upper case letters on official documents including the orders pursuant to which they are detained. (*See* Dkt. No. 6.) They appear to further assert that Congress did not delegate to Article III Courts jurisdiction over criminal matters. (*See id.*)

Finally, plaintiffs/petitioners assert that all pleadings filed by the United States Attorney in this court are fraudulent, and therefore void, because the United States Attorney has not been lawfully appointed. (*Id.*) More specifically, plaintiffs/petitioners argue that President Barack Obama is not a natural born United States citizen and therefore does not lawfully hold the office of president. Because Mr. Obama does not lawfully hold office, he cannot appoint an Attorney General; *i.e.*, Eric Holder, and Mr. Holder therefore cannot lawfully delegate authority to any United States Attorney.

REPORT AND RECOMMENDATION - 2

In an addendum to the original pleading, identified as a petition for writ of habeas corpus, plaintiff/petitioner Stephenson asserts that he is being restrained pursuant to a "void" detention order and a "void" indictment, and he presents almost sixty pages of argument and citations to authority which he believes support his contention that this court lacks jurisdiction over his federal criminal action and over any of the parties involved in that process.

In this Court's view, plaintiff's/petitioner's claims are substantively frivolous and do not warrant detailed discussion. However, to the extent petitioners have legitimate jurisdictional challenges to present, they should present those challenges in the context of the ongoing criminal proceedings and not by way of a separate habeas action. Plaintiffs/petitioners are also advised that any claim for damages based on their alleged unlawful detention is premature as any civil rights claim that calls into question the lawfulness of their confinement does not accrue unless and until the confinement has been invalidated by the grant of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 47, 489 (1994).

### CONCLUSION

For the reasons set forth above, this Court recommends that the instant action be dismissed pursuant to 28 U.S.C. § 1915A for failure to identify any viable claim for relief. This Court further recommends that all pending motions be stricken as moot. A proposed order accompanies this Report and Recommendation.

DATED this 10th day of September, 2012.

*[signature: James P. Donohue]*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3